(162 App. Div. 184)
## CITIZENS' TRUST CO. OF SCHENECTADY v. LEVINE.

(Supreme Court, Appellate Division, Third Department. May 6, 1914.)

1. BANKS AND BANKING (§ 150*)—DEPOSITS—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action against a bank depositor, where it was shown that the bank had erroneously credited defendant's account with a deposit made by another, testimony by defendant that the bank had also failed to credit her account with a deposit for the same amount, which testimony was denied by the bank officials, and not corroborated in any way, the defendant claiming that her bank book had been lost, was so improbable that a verdict for the defendant based thereon will not be sustained.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 455–464½; Dec. Dig. § 150.*]

2. BANKS AND BANKING (§ 150*)—DEPOSITS—ADMISSIBILITY OF EVIDENCE.

In such an action, evidence that the bank had at a prior time failed to give defendant credit for a deposit made by her was inadmissible, since evidence of negligence on a former occasion is not evidence of the negligence charged.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 455–464½; Dec. Dig. § 150.*]

Appeal from Schenectady County Court.

Action by the Citizens' Trust Company of Schenectady against Jennie Levine. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

William Dewey Loucks, of Schenectady, for appellant.
Walter F. Wellman, of Schenectady, for respondent.

SMITH, P. J. [1] The action is brought to recover from the defendant an overdraft. Defendant denies liability, asserting that her account has not been overdrawn. From the proof it appears that upon the 28th day of October, 1912, one Jessie Lewis made a deposit of $63, which was by mistake of the bank clerk entered in the account of this defendant. The name upon the deposit slip was not distinctly written, and the mistake was one which might easily occur. This defendant withdrew funds from her account until she had substantially exhausted her account, including the mistaken credit of $63. When the bank book of Jessie Lewis was presented and it was found that she had not been credited with this amount, an investigation was made, and it was discovered that the credit had been mistakenly given to Jennie Levine. The proof of this mistaken credit upon the defendant's account is conclusive. But the astounding proposition is made that the plaintiff failed to credit a similar sum which had been in fact deposited by the defendant and which should have appeared in her account. No deposit slip was found corroborating the defendant in this claim. Most unfortunately her bank book is not produced; she claiming that it has been lost. Her recollection is not clear as to the amounts of her deposits. The story is so improbable in the face of explicit denials by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the officers of the bank that an appellate court would not be justified in sustaining a verdict based thereupon.

[2] Evidence was admitted, over the plaintiff's objection, to the effect that at a prior time this bank had failed to give a credit to this defendant · for a deposit made. We can conceive of no rule of law which would make this evidence permissible. The fact that a mistake had been theretofore made does not prove plaintiff's claim upon this trial. Evidence of negligence upon a former occasion does not prove negligence in this instance, and such evidence was, we think, improperly admitted.

The judgment and order should be reversed upon law and fact, and a new trial granted, with costs to the appellant to abide the event. The finding of fact of which this court disapproves is the finding that the defendant's account was not overdrawn in the amount claimed in the complaint.

Judgment and order reversed on law and facts, and new trial granted, with costs to appellant to abide event. All concur. The finding of fact of which the court disapproves is the finding that the defendant's account was not overdrawn in the amount claimed in the complaint.